IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ORLANDO FIGUEROA            §
    TDCJ-CID NO. 1642016        §
v.                          §            C.A. NO. C-11-233
                               §
RICK THALER                 §

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the Estelle Unit in Huntsville, Texas.  On July 20, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction.  (D.E. 1).  Pending is Respondent's motion for summary judgment.  (D.E. 19).  Petitioner has filed a response opposing dismissal.  (D.E. 37).  For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted and that this habeas petition be dismissed.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Nueces County, Texas.  (D.E. 1, at 2).  Jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  PROCEDURAL BACKGROUND

On April 23, 2010, Petitioner entered an "open" guilty plea to the charge of possessing cocaine, and the trial court entered a judgment of conviction sentencing him to eighteen years imprisonment.  (D.E. 23-4, at 3-4).  He filed a notice of appeal on July 13, 2010.  (D.E. 23-4, at 10-13).  Shortly thereafter, Petitioner filed a state application for writ of habeas corpus, and this

application was dismissed on September 15, 2010 because his direct appeal was still pending. (D.E. 23-5, at 2).  His direct appeal was later dismissed as untimely.  <u>Figueroa v. State</u>, No. 13-10-368-CR, 2010 WL 3921780, at *1 (Tex. App. Oct. 7, 2010) (per curiam) (unpublished).  On March 6, 2011, he filed another state habeas application seeking to overturn his conviction, alleging claims for ineffective assistance of counsel, prosecutorial misconduct, and arguing that his guilty plea was entered involuntarily.  (D.E. 23-8, at 6-14).  On May 11, 2011, that application was denied without written order on the findings of the trial court.  <u>Id.</u> at 2.

### III. PETITIONER'S ALLEGATIONS

Petitioner raises six claims based on three legal grounds for habeas relief.  (D.E. 1, at 7-8).  First, he claims that his plea of guilty was entered involuntarily because his trial counsel rendered ineffective assistance by (1) falsely informing him that he was eligible for probation and  commitment to a substance abuse facility program ("SAFP"); (2) failing to object when the prosecution told the trial court that he was ineligible for a SAFP; (3) neglecting to interview witnesses for the defense; and (4) advising him that he could not appeal his sentence.  (D.E. 1, at 7).  Next, Petitioner charges the prosecution with committing perjury by informing the court that he did not qualify for a SAFP.  <u>Id.</u> at 8.  Last, he alleges that the trial court erred by failing to appoint counsel to assist him with filing his appeal.  <u>Id.</u>

### IV. DISCUSSION

Respondent argues that all of Petitioner's claims should be dismissed as unexhausted and procedurally barred, as well as conclusory and meritless.  (D.E. 19, at 1).

**A.    The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order

3

to preclude summary judgment.  Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477

U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails

to make a showing sufficient to establish the existence of an element essential to his case on

which he bears the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-23; <u>ContiCommodity Servs., Inc.</u>

<u>v. Ragan</u>, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).  The Fifth Circuit has instructed

lower courts to construe <u>pro se</u> habeas petitions liberally.  <u>Koch v. Puckett</u>, 907 F.2d 524, 530

(5th Cir. 1990).

**B.      Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of

the Constitution, laws, or treaties of the United States.  <u>Boyd v. Scott</u>, 45 F.3d 876, 881 (5th Cir.

1994) (per curiam) (citation omitted).  Pursuant to the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates that

the state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law," or was "based on an unreasonable determination in light of the facts."

28 U.S.C. § 2254(d); <u>see also</u> <u>Riddle v. Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002) (discussing

§ 2254(d)).  Thus, "federal habeas relief is only merited where the state court decision is both

incorrect *and* objectively unreasonable."  <u>Morrow v. Dretke</u>, 367 F.3d 309, 313 (5th Cir. 2004)

(emphasis in original) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000)).  The AEDPA's

provisions "ensure that state-court convictions are given effect to the extent possible under law."

<u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002) (citing <u>Williams</u>, 529 U.S. at 403-04).

The Supreme Court has concluded that the "contrary to" and "unreasonable application"

clauses of § 2254(d)(1) have independent meanings.  <u>Bell</u>, 535 U.S. at 694 (citing <u>Williams</u>, 529

4

U.S. at 404-05).  The <u>Bell</u> Court elaborated on the distinctions between "contrary to" and an "unreasonable application:"

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

<u>Id.</u> (internal citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's "decision" and not the written opinion explaining that decision.'"  <u>St. Aubin v. Quarterman</u>, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing <u>Neal v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); <u>accord</u> <u>Anderson v. Johnson</u>, 338 F.3d 382, 390 (5th Cir. 2003) (citing <u>Neal</u>, 286 F.3d at 246).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  <u>Santellan v. Cockrell</u>, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003) (per curiam) (quoting <u>Early v. Packer</u>, 537

U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available only if a state court decision is objectively unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  Id. The burden to rebut the presumption of correctness remains on the petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**C.   Certain Claims Are Procedurally Defaulted.**

With limited exceptions, the doctrine of procedural default bars a federal court from reviewing the merits of a state inmate's habeas petition.  Rocha v. Thaler, 626 F.3d 815, 820 (5th Cir. 2010) (citing Magwood v. Patterson, __ U.S. __, 130 S. Ct. 2788, 2801 (2010)).  There are two ways in which a claim may be procedurally defaulted: when the petitioner fails to exhaust it by fairly presenting it to the highest available state court, or when the state court dismisses the claim on a state-law procedural ground that is adequate and independent of federal law.  Id. (citations omitted).  Respondent invokes both in support of his contention that some of Petitioner's claims have been procedurally defaulted.

**1.     Three of Petitioner's claims remain unexhausted and are procedurally defaulted.**

Respondent specifically asserts that Petitioner failed to exhaust two of his ineffective assistance claims and his trial court error claim.  Specifically, he maintains that Petitioner never complained in his state habeas application that his trial counsel either failed to object to a statement by the prosecutor, or falsely advised him that he could not appeal.  (D.E. 19, at 4). Respondent also contends that Petitioner's claim of trial court error was not exhausted and should therefore be procedurally barred.  (D.E. 19, at 25 n.7).  Consequently, he seeks dismissal of these three claims for federal habeas relief because they have not been exhausted and are therefore procedurally barred.  Id. at 6-7, 25 n.7.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the

substance of the federal habeas claim has been fairly presented to the highest court of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).  The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan, 526 U.S. at 845 (citations omitted).  In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

The Supreme Court has provided, however, that the failure to exhaust state remedies is excused pursuant to § 2254(b)(1)(B)(ii) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (citation omitted); accord Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (per curiam) (quoting Duckworth).  Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits.  28 U.S.C. § 2254(b)(2).

The petitioner must also present his claim in accordance with the state court's procedural rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted).  If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim.  Fisher v. Texas, 169 F.3d 295, 300 (5th Cir.

8

1999) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)).  A claim is also procedurally defaulted where a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  <u>Coleman</u>, 501 U.S. at 735 n.1.  The failure to exhaust therefore permits a finding of procedural default even in the absence of an express denial of relief by the state court based on a state procedural ground.  See <u>Finley v. Johnson</u>, 243 F.3d 215, 219-20 (5th Cir. 2001) (unexhausted claim that was neither presented nor adjudicated in state court was procedurally defaulted); <u>Nobles v. Johnson</u>, 127 F.3d 409, 422-23 (5th Cir. 1997) (finding an unexhausted claim procedurally defaulted due to the presence of a state procedural bar); <u>Emery v. Johnson</u>, 139 F.3d 191, 195-96 (5th Cir. 1997) (same).

> **a)**     **Petitioner failed to exhaust two ineffective assistance of counsel claims, resulting in procedural defaults.**

While Petitioner did allege that his trial counsel was ineffective in his state application, he focused on his counsel's failure to comply with his request to contact two witnesses, as well as the advice to enter a guilty plea on the allegedly incorrect understanding that he would qualify for a SAFP.  (D.E. 23-8, at 11).  As a result, the trial court's recommendation to the Texas Court of Criminal Appeals, which expressly adopted the assertions in the State's Answer to Petitioner's application, only addressed his claims regarding his counsel's failure to interview witnesses and give accurate legal advice on his SAFP eligibility.  (D.E. 23-8, at 30-31, 91).

Although the exhaustion doctrine only "requires only that state prisoners give state courts a *fair* opportunity to act on their claims," <u>O'Sullivan</u>, 526 U.S. at 844 (emphasis in original) (citations omitted), Petitioner did not "present the state courts with the same claim he urges upon the federal courts."  <u>Picard</u>, 404 U.S. at 276 (citations omitted).  Where a petitioner "presents

*material* additional evidentiary support to the federal court that was not presented to the state

court," the Fifth Circuit has consistently found a failure to exhaust.  <u>Anderson</u>, 338 F.3d at 386

(emphasis in original) (citation omitted).  New evidence that "*fundamentally alter*[s] the claim

presented to the state courts" and "places the claims in a significantly different legal posture" is

material.  <u>Id.</u> at 386-87 (emphasis in original) (quoting <u>Caballero v. Keane</u>, 42 F.3d 738, 741 (2d

Cir. 1994); <u>Demarest v. Price</u>, 130 F.3d 922, 932 (10th Cir. 1997)).

    Petitioner alleges two material facts in this petition that he did not present to the state

court–first, that his counsel failed to object when informed that Petitioner was not eligible for

parole or SAFP, and second, that his counsel misinformed him about his right to appeal the

judgment.[1]  <u>Compare</u> (D.E. 1-1, at 4) <u>with</u> (D.E. 23-8, at 11).  Without these essential factual

premises, the state court did not and could not have known that he was capable of grieving these

two additional claims for ineffective assistance of counsel.[2]  He has therefore failed to exhaust

---

    [1] In Petitioner's first state habeas application filed on August 6, 2010, he alleged that "I was told by my attorney I can't appeal my case."  (D.E. 23-5, at 11).  This habeas application was "[d]ismissed" because his direct appeal was still pending.  <u>Id.</u> at 2.  Therefore, the substance of the petitioner was not considered by the Texas Court of Criminal Appeals.  <u>See</u> <u>Bledsue v. Johnson</u>, 188 F.3d 250, 257 (5th Cir. 1999) ("Indeed, the [Texas] Court of Criminal Appeals has explained that "'[i]n our writ jurisprudence, a "denial" signifies that we addressed and rejected the merits of a particular claim while "dismissal" means that we declined to consider the claim for reasons unrelated to the claim's merits.'") (quoting <u>Ex parte Thomas</u>, 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).  A premature habeas application that was summarily dismissed on a procedural ground cannot be considered to have "fairly presented" the issues in that application sufficient to satisfy the exhaustion requirement.  <u>Picard</u>, 404 U.S. at 275; <u>see also</u> <u>Blackshear v. Thomas</u>, No. H-06-3694, 2007 WL 116661, at *1 (S.D. Tex. Jan. 10, 2007) (unpublished) (prior state habeas application did not satisfy exhaustion requirement because it was dismissed without consideration of the merits).  As a consequence, only Petitioner's second state habeas application can be used for exhaustion purposes because that application was examined and "[d]enied" on the merits.  (D.E. 23-8, at 2).

    [2] Petitioner's counter-arguments that he has exhausted his claims are not persuasive.  In his response brief, he contends that he has previously presented these two ineffective assistance claims in previous court filings.  First, he refers to a reply brief that he filed in response to the State's answer to his habeas application.  (D.E. 37, at 2).  However, this document has not been included with the state records filed by Respondent, and there is no date stamp indicating that any court received this brief.  (D.E. 37-4, at 16-20).  Even if this document was filed with the Texas Court of Criminal Appeals, the oblique references to the facts underlying these two claims did not satisfy the exhaustion requirement as to those claims.  A blanket complaint that Petitioner has received ineffective assistance of counsel, without clearly demarcating the specific factual and legal bases for that complaint, is not enough to give the state courts a fair opportunity to address his claims.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (per curiam) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, *they must*

these claims.  Moreover, Petitioner has not argued, and the record does not support, that his

failure to exhaust should be excused pursuant to § 2254(b)(1)(B)(ii).

These unexhausted claims are also procedurally barred pursuant to Texas' abuse-of-the-

writ doctrine.  Tex. Code. Crim. Proc. Ann. art. 11.07 § 4; Rocha, 626 F.3d at 829 (discussing

how Article 11.07 § 4(a) codified the abuse-of-the-writ doctrine for non-capital felonies).[3]  If

Petitioner attempted to exhaust these claims in state court now, he would have to file a

successive application for state habeas relief challenging his conviction.  The Texas Court of

Criminal Appeals, however, treats the filing of a successive state habeas application "regarding

the same conviction" as an abuse of the writ.  Ex parte Whiteside, 12 S.W.3d 819, 821-22 (Tex.

Crim. App. 2000) (en banc) (interpreting Tex. Code. Crim. Proc. Ann. art. 11.07 § 4).

Accordingly, the Fifth Circuit regards any potential application of Texas' abuse-of-the-writ

doctrine as grounds for procedural default sufficient to preclude federal habeas review.  Finley,

243 F.3d at 220 (citing Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995)).

As a result, it is respectfully recommended that Petitioner's claims relating to his

counsel's failure to object and incorrect advice regarding his right to appeal have been

---

*surely be alerted* to the fact that the prisoners are asserting claims under the United States Constitution.") (emphasis
added); Gray v. Netherland, 518 U.S. 152, 163 (1996) ("[W]e rejected the contention that the petitioner satisfied the
exhaustion requirement of § 2254(b) by presenting the state courts only with the facts necessary to state a claim for
relief....  We have also indicated that it is not enough to make a general appeal to a constitutional guarantee as broad
as due process to present the 'substance' of such a claim to a state court.") (citations omitted); accord Nevelle v.
Dretke, 423 F.3d 474, 479 (5th Cir. 2005) (quoting Duncan); Bagwell v. Dretke, 372 F.3d 748, 756 (5th Cir. 2004)
(quoting Gray).  For this reason, any other submissions and letters to the state courts vaguely suggesting that his
counsel failed to object and failed to assist him on his direct appeal did not exhaust these claims.  (D.E. 23-7, at 2-8;
D.E. 23-8, at 40-41; D.E. 37-4, at 22-25).

Furthermore, Petitioner acknowledges that at least one of these documents were filed too late for
consideration by the Texas Court of Criminal Appeals.  (D.E. 37, at 2).  Any belated filings also would not satisfy
his obligations to exhaust all his claims because the issues contained therein were not "fairly presented" to the state
courts.  Picard, 404 U.S. at 275.

[3]  In pertinent part, Article 11.07 § 4 prevents a Texas state court from "consider[ing] the merits of or grant
relief based on the subsequent [writ of habeas corpus] application" that "is filed after final disposition of an initial
application challenging the same conviction."

procedurally defaulted.

> **b)      Petitioner failed to exhaust his trial court error claim, resulting in a procedural default.**

The record indicates that Petitioner wholly neglected to challenge the trial court's failure to appoint appellate counsel in his state habeas application.  (D.E. 23-8, at 11-14).  Because nothing in his response provides any explanation or excuse for omitting this claim when he was before the state habeas court, (D.E. 37), he has therefore failed to exhaust this claim.  In addition, the attempt to properly present this claim before the Texas state courts would be procedurally barred pursuant to Texas' abuse-of-the-writ doctrine.  Tex. Code. Crim. Proc. Ann. art. 11.07 § 4.

It is therefore respectfully recommended that this claim is procedurally defaulted.

> **2.      There is an adequate and independent state ground supporting the procedural default of Petitioner's prosecutorial misconduct claim.**

Petitioner accuses the prosecution of committing perjury by lying to the sentencing judge about his ineligibility for probation and SAFP placement.  (D.E. 1, at 8).  He contends that this caused the trial judge to falsely assume that he did not qualify for those programs, which resulted in a sentence that was harsher than he expected.  Respondent counters by urging dismissal of Petitioner's prosecutorial misconduct claim on the basis of procedural default.  (D.E. 19, at 25). He alleges that Petitioner failed to timely object to the prosecution's statements as required by the contemporaneous objection rule; consequently, state habeas relief was denied due to the failure to satisfy this procedural requirement.  Id.

Petitioner's claims must be considered procedurally defaulted and therefore barred from federal review if their dismissal was grounded "on a state procedural rule that provides an adequate basis for relief, independent of the merits of the claim."  Hughes v. Quarterman, 530

F.3d 336, 341 (5th Cir. 2008) (citing <u>Coleman</u>, 501 U.S. at 729-32).  For purposes of procedural

default, adequacy requires only that the rule be "'firmly established and regularly followed' by

the state courts," <u>id.</u> (quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991)), and independence

requires that the court actually rely on the procedural bar, <u>Gochicoa v. Johnson</u>, 118 F.3d 440,

445 (5th Cir. 1997) (citation omitted), and not rest the dismissal on any matter "interwoven"

with federal law.  <u>Balentine v. Thaler</u>, 626 F.3d 842, 849 (5th Cir. 2010) (citation omitted), <u>cert.</u>

<u>denied</u>, __ U.S. __, 131 S. Ct. 2992 (2011).  While adequacy and independence must be "clear

from the face" of the state court opinion denying state habeas relief on a procedural ground,

<u>Balentine</u>, 626 F.3d at 849 (citation omitted), this requirement is satisfied where the Texas Court

of Criminal Appeals denies Petitioner's application for state habeas relief "on the findings of the

trial court" and the trial court had recommended application of a procedural bar.  <u>See</u> <u>Renz v.</u>

<u>Scott</u>, 28 F.3d 431, 432 (5th Cir. 1994) (claim was procedurally barred where Texas Court of

Criminal Appeals denied petitioner's state application for writ of habeas corpus "on the findings

of the trial court" and the trial court invoked a procedural bar) (citation omitted).

 The Fifth Circuit has long recognized that the contemporaneous objection rule constitutes

an adequate and independent state procedural bar to ground procedural default of a petitioner's

federal habeas claims.  <u>See</u> <u>Hogue v. Johnson</u>, 131 F.3d 466, 487 (5th Cir. 1997) ("for more than

twenty years we have on numerous occasions invoked noncompliance with [the Texas

contemporaneous objection rule] as a basis on which to deny federal habeas relief").  Given that

state habeas relief was denied "on the findings of the trial court," (D.E. 23-8, at 2), and the trial

court determined that the claim was barred by the failure to comply with the contemporaneous

objection rule, <u>id.</u> at 32-33, 91, it is therefore respectfully recommended that this prosecutorial

misconduct claim is procedurally defaulted.[4]

### 3.    Petitioner is not entitled to any exceptions to procedural default.

Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). Cause is demonstrated by showing "some objective factor external to the defense impeded ... efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1998) (citation omitted). The prejudice requirement likely rests on a determination of whether the petitioner has "suffered ... [to a] degree sufficient to justify collateral relief." United States v. Frady, 456 U.S. 152, 168 (1982).

Petitioner does not allege any grounds for cause or prejudice in his response that would allow him to hurdle the procedural bars. (D.E. 37). His claims therefore cannot be considered for federal habeas review. Accordingly, it is respectfully recommended that none of the

---

[4] In the alternative, Respondent argues that Petitioner's guilty plea operates to waive his prosecutorial misconduct claim. (D.E. 19, at 26). The Supreme Court recognizes that a defendant who pleads guilty waives almost all appealable claims for the violation of his constitutional rights:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett v. Henderson, 411 U.S. 258, 267 (1973); accord United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.") (citation omitted). Given that Petitioner's claim for prosecutorial misconduct does not relate to the voluntary nature of his guilty plea, it is respectfully recommended that this claim also be dismissed as waived.

exceptions to procedural default apply, and that all of these procedurally defaulted claims be dismissed.

**D.     Petitioner's Involuntary Plea Claim Is Without Merit.**

Respondent disputes the notion that Petitioner's plea of guilt was made involuntarily and is therefore invalid.  (D.E. 19, at 13).  He argues that Petitioner's plea was made knowingly and voluntarily, id., and asserts that Petitioner's trial counsel did not provide ineffective assistance. Id. at 16.

The Fifth Circuit has determined that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself."  United States v. Guidry, 462 F.3d 373, 377 n.6 (5th Cir. 2006) (citation omitted).  If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)."  Uresti v. Lynaugh, 821 F.2d 1099, 1101 (5th Cir. 1987).  Therefore, "[t]o demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner] must establish that his trial counsel's performance: (1) fell below an objective standard of reasonable competence and (2) that he was prejudiced by his counsel's deficient performance."  James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995) (citations omitted).  Petitioner has the burden of proof under the Strickland test.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

In order to show counsel's performance was deficient, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by

15

prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) ("strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting Strickland, 466 U.S. at 689).

The Fifth Circuit has established that with respect to a guilty plea, counsel "must actually and substantially assist his client in deciding whether to plead guilty ... [and] provide the accused an 'understanding of the law in relation to the facts.'"  Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered voluntarily and knowingly, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice.") (citations omitted).  The attorney's advice "need not be perfect, but it must be reasonably competent."  Herring, 491 F.2d at 128 (citation omitted).  For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'"  Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted).  A petitioner must show that "the advice he received from [his attorney] during the course of the

16

representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'" Smith, 711 F.2d at 682 (quoting Tollett, 411 U.S. at 266).

In addition, the Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). "In the context of guilty pleas, [a petitioner] may establish the requisite prejudice only by demonstrating a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted upon going to trial." Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993) (citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991)). A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice. Strickland, 466 U.S. at 697; accord Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995). "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order." Czere, 833 F.2d at 63 (citation omitted).

Conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief. Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (citations omitted); see also Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not set forth any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory.") (emphasis in original). The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'" Id. (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, Petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under Strickland, but] ... whether the state court's decision—that [the petitioner] did *not* make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance] claim.") (emphasis in original).

Petitioner argues that his trial counsel provided ineffective assistance by incorrectly advising him on his SAFP eligibility and by failing to interview witnesses to build up a defense for trial.  (D.E. 1, at 7).  Neither of these ineffective assistance claims can proceed because Petitioner cannot carry his burden of proving that his trial counsel's performance was both deficient and prejudicial, as required by Strickland.  State habeas relief was denied without an opinion on the recommendation of the trial court, (D.E. 23-8, at 2); therefore, it is assumed that the state court applied the proper "clearly established Federal law."  Schaetzle, 343 F.3d at 443. Consequently, the analysis turns on whether the state court's decision itself was "contrary to" or "an objectively unreasonable application" of that federal law.  Id. (citing Catalan v. Cockrell, 315 F.3d 491, 493 n.3 (5th Cir. 2002)).

> **a)** **Petitioner's counsel provided accurate advice regarding his probation and SAFP eligibility.**

Petitioner contends that he was incorrectly advised by his trial counsel that he was eligible for probation and SAFP.  He claims that he was "misled" to plead guilty in reliance on this erroneous advice and seems to indicate that he would not have pled guilty otherwise.  (D.E.

1, at 7).

Texas law provides that the sentencing judge may place the defendant on community supervision[5] if "in the best interest of justice, the public, and the defendant," Tex. Code Crim. Proc. art. 42.12 § 3, so long as the defendant was not convicted of any crime that would disqualify him from judicially ordered community supervision or used a deadly weapon when committing the offense. Id. at § 3g. Should the sentencing judge choose to place a defendant on community supervision, the judge may require him to serve a term of confinement at a SAFP. Id. at § 14.

The record indicates that Petitioner was neither precluded from community supervision nor ineligible for participation in a SAFP. He has not committed any of the enumerated crimes in § 3g, and he did not use a deadly weapon in this simple drug possession offense. Moreover, nothing in § 14 prevents him from participating in a SAFP other than the fact that he was not placed on community supervision. Nevertheless, the mere fact that Petitioner was eligible for parole and SAFP placement does not mean he was entitled to such a sentence. The applicable statutes provide the sentencing judge with a large degree of discretion on these matters. By opting for a prison sentence, the sentencing judge likely determined that Petitioner's extensive criminal history, which included several prior convictions and probation revocations, made community supervision a poor option. (D.E. 23-8, at 42-73).

Because Petitioner's trial counsel provided accurate legal advice, he cannot argue that his counsel's performance was deficient in this instance. Therefore, the state court decision was

---

[5] The term "probation" is synonymous with "community supervision." See Harris County Community Supervision and Corrections Department, Frequently Asked Questions, http://www.hctx.net/cscd/faq.aspx#ctl00_ ContentPlaceHolder1_SectionViewer1_section791.

neither "contrary to" nor "an objectively unreasonable application" of the appropriate federal law.  Schaetzle, 343 F.3d at 443 (citation omitted).  Accordingly, it is respectfully recommended that Petitioner's trial counsel did not render ineffective assistance when informing him of his parole and SAFP eligibility, and that his plea is not involuntary on this basis.

**b)** **Counsel's failure to interview witnesses did not constitute ineffective assistance.**

Petitioner separately argues that his right to effective assistance of counsel was violated by his trial counsel's failure to interview two witnesses he believed would support his account of how the cocaine was placed in the trunk of his car.[6]  (D.E. 1-1, at 2; D.E. 37, at 7).  Petitioner maintains that the cocaine belonged to car thieves who had stolen his vehicle the month before his arrest.  After the vehicle was recovered by the police, Petitioner alleges that he contacted Detective Ostrander, the officer in charge of that case, regarding the items that the car thieves had left in his trunk.  (D.E. 37, at 7).  Nevertheless, an inventory of the items in the trunk was never made.  (D.E. 1-1, at 2).  In the hours prior to his arrest, he was with Anette Cantu at her house, and she observed the items in the trunk when he was cleaning it out.  (D.E. 37, at 7).  Petitioner avers that he related this information to his trial counsel and sought to have both Detective Ostrander and Anette interviewed in preparation for his trial defense.  (D.E. 1-1, at 2).  His counsel, however, never interviewed these individuals.  Id.  Petitioner suggests that the

---

[6] Respondent appears to argue that this Court cannot even consider Petitioner's allegation that his trial counsel failed to interview his two witnesses because that fact is not clearly established in the record.  (D.E. 19, at 22-23) (relying on Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam)).  While the Fifth Circuit has provided that "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition," Ross, 694 F.2d at 1011, Petitioner has consistently complained about this issue numerous times in documented briefs and letters that appear in the record.  See, e.g., (D.E. 23-5, at 11; D.E. 23-7, at 6; D.E. 23-8, at 11; D.E. 23-8, at 40).  It would be absurd to entertain the notion that a petitioner's claim could be dismissed as conclusory merely because there is a genuine issue of material fact–the very kind of dispute that precludes the issuance of a summary judgment order.  Allowing Respondent to defend on this ground would be especially problematic given that he has acknowledged that he failed to submit a full record for the Court's consideration.  (D.E. 19, at 19).

reason for his trial counsel's inaction was because his counsel believed that he was guilty.  (D.E. 37, at 8).

Although there is a real question regarding whether Petitioner's counsel provided deficient performance,[7] he has nevertheless failed to demonstrate that his counsel's omission was prejudicial because he has not shown a "reasonable probability" that the investigation would have prompted him to insist on going to trial.  Nelson, 989 F.2d at 850.  Neither Detective Ostrander nor Anette seem likely to possess knowledge of exculpatory facts that would have changed the complexion of his defense.  By Petitioner's own admission, Detective Ostreander never took an inventory of the items in the trunk, and therefore he could not have positively spoken to the presence of any contraband the car thieves had left behind.  Furthermore, it is not

---

[7] The Supreme Court in Strickland discussed the general considerations a court must take into account when determining whether a counsel's investigation decisions are professionally deficient:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.  In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

466 U.S. at 690-91; accord Ransom v. Johnson, 126 F.3d 716, 723 (5th Cir. 1997).  The reasonableness of counsel's investigation decisions depend in part on the information provided by the defendant.  See Strickland, 466 U.S. at 691 ("the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions").

On the other hand, the Fifth Circuit has observed that a trial counsel's "failure to conduct any pretrial investigation generally constitutes a clear instance of ineffectiveness" sufficient to establish deficient performance.  Anderson, 338 F.3d at 392 (citation omitted).  Moreover, the Fifth Circuit further elaborated that "[w]hen counsel is on notice of potential mitigating evidence, counsel is no longer justified in relying exclusively on the defendant for information."  Ransom, 126 F.3d at 723 (citation omitted).

The record is entirely devoid of evidence showing that Petitioner's trial counsel provided adequate representation.  There is simply no indication that his counsel's decision to forego interviewing the two witnesses was based on a reasonable determination that such an effort would have been unnecessary.  Without more, Respondent would not have been entitled to summary judgment on this basis.  Notwithstanding the question of whether the failure of Petitioner's counsel to interview these witnesses was processionally deficient, Petitioner's inability to prove that prejudice resulted is dispositive of this ineffectiveness claim.

clear how Anette's testimony would have produced a sufficiently compelling defense.  Petitioner

claims that Anette witnessed him removing items from the trunk on the day of his arrest, but he

also acknowledges that "the drugs were found [in the trunk], in plain view, not hidden, just

there."  (D.E. 37, at 7).  It seems highly unlikely that Petitioner could have cleaned out his car's

trunk without discovering the cocaine that the police found "in plain view."  Even if Anette also

saw the cocaine in the trunk of his car, he provides no exculpatory rationale for why they

decided to hold onto the drugs instead of informing the police.

In sum, Petitioner fails to show that his two potential witnesses were capable of giving

favorable testimony sufficient to compel him to insist on proceeding to trial.  Given that the state

court decision to deny habeas relief was neither "contrary to" nor "an objectively unreasonable

application" of the appropriate federal law, Schaetzle, 343 F.3d at 443 (citation omitted), it is

respectfully recommended that Petitioner has failed to show ineffective assistance of counsel on

this basis.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus

proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully

recommended that this Court nonetheless address whether he would be entitled to a certificate of

appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate

of appealability because "[a]rguably, ... [it] is in the best position to determine whether the

petitioner has made a substantial showing of a denial of a constitutional right on the issues before

that court.  Further briefing and argument on the very issues the court has just ruled on would be

repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 19), be granted, and this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 20th day of December 2011.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).