UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO FIGUEROA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-11-233 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 19). On December 20, 2011, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 40), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner states five categories of objections (D.E. 44, 45), each of which will be evaluated in turn.

First, Petitioner complains that one of his issues regarding ineffective assistance of counsel was improperly re-worded, resulting in an improper ruling. According to Petitioner's argument, the Respondent and then the Magistrate Judge interpreted his complaints regarding direct appeal as his counsel simply advising him that he could not appeal. Instead, he complains that his counsel denied his right to a direct appeal by failing to act on his appeal.

Petitioner's statement of his ineffective assistance of counsel complaint in his April, 2011 state court *habeas corpus* proceeding (D.E. 23, Ex. 8, p. 11) is devoid of any reference to a loss of direct appellate remedies. In his August, 2010 state court *habeas*

*corpus* proceeding (dismissed because a direct appeal was pending), his complaint, verbatim, was "After my conviction I was told by my attorney I can't appeal my case." D.E. 18, Ex. 1, p. 11.  The Magistrate Judge properly disposed of this issue to the extent that Petitioner raised it in the state court.  To the extent that Petitioner now re-characterizes his complaint, it is unexhausted and relief in this federal *habeas corpus* proceeding is not available.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rocha v. Thaler*, 626 F.3d 815, 820 (5th Cir. 2010); Tex. Code Crim. Proc. Ann. Art. 11.07 § 4 (abuse-of-the-writ doctrine).  Petitioner's first objection is OVERRULED.

Second, Petitioner argues that his guilty plea was not voluntary because it was based on the availability of SAFP and the prosecutor engaged in misconduct in the punishment phase.  The alleged misconduct takes the form of both misrepresenting that Petitioner was statutorily barred from SAFP and misrepresenting Petitioner's prior history of incarceration.  The Magistrate Judge determined that the claim was procedurally barred by the state court's contemporaneous objection rule.

Petitioner argues that (a) his own question, "Why?" states a contemporaneous objection, (b) the misconduct was a structural constitutional error, was prejudicial, and thus was not harmless, (c) an open guilty plea does not waive defects that occur in the punishment phase, and (d) prosecutorial misconduct should be reviewed as "plain error."

To preserve error under Texas law, a contemporaneous objection must satisfy Tex. R. App. P. 33.1(a)(1)(A).  As the Texas Court of Criminal Appeals has expressed,

> The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to

> give opposing counsel the opportunity to respond to the complaint. Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (internal footnote citations and quotations omitted). The objecting party must also obtain a ruling or a refusal to rule. Tex. R. App. P. 33.1(a); *Moore v. State*, 278 S .W.3d 444, 451 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Prosecutorial misconduct is an independent basis for an objection that must be specifically urged in order for error to be preserved. *Temple v. State*, 342 S.W.3d 572, 603 n. 10 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Petitioner simply asking "Why?" does not satisfy these requirements for a contemporaneous objection sufficient to preserve error. Petitioner's argument "a" must be rejected.

Petitioner's argument "b" seeks to circumvent the contemporaneous objection requirement and its harmless error rule by considering the matter a "structural error."

> Structural errors are federal constitutional errors so labeled by the Supreme Court. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (superceded by statute on other grounds). The very limited class of structural constitutional errors includes the total deprivation of counsel at trial, lack of an impartial trial judge, unlawful exclusion of members of defendant's race from a grand jury, denial of the right to self-representation at trial, the denial of a right to a public trial, and an instruction that erroneously lowers the burden of proof. *See Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (citing *Johnson v. U.S.*, 520 U.S. 461, 468–69 (1997)).

However, prosecutorial misconduct is not a structural error; it is subject to harmless error analysis. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (applying Fed. R. Crim. P. 52(a)); *Temple, supra*. Petitioner's argument "b" fails.

Petitioner's argument "c" is inapposite, as it addresses a type of waiver that is not dispositive of the prosecutorial misconduct issue. Nothing in the Magistrate Judge's Memorandum and Recommendation requires a finding that the guilty plea waived the prosecutor's alleged misrepresentations. Instead, it was the failure to object that waived the issue. Petitioner's argument "c" is rejected.

Petitioner's last argument with respect to prosecutorial misconduct is that it constituted "plain error" under Fed. R. Crim. P. 52(b). The Supreme Court of the United States had the opportunity to place prosecutorial misconduct under the "plain error" standard and declined. *U.S. v. Young*, 470 U.S. 1, 105 S.Ct. 1038 (1985). The Fifth Circuit has held, in the context of improper prosecutorial remarks in jury trials, that the "determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *United States v. Gracia*, 522 F.3d 597, 603 (5th Cir. 2008) (internal quotation marks and citation omitted). Relief is not available unless the error "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Gracia*, 522 F.3d at 600.

Where, as here, Petitioner entered an open plea of guilty, with full knowledge of the range of punishment, he has not shown "plain error." Petitioner's argument "d" fails. Consequently, Petitioner's second objection is OVERRULED.

Petitioner's third objection complains that his guilty plea was not voluntary because his waiver of witnesses was not an informed choice. Asserting that he was not properly informed about the "knowing" or "intentional" element of his offense, he states that he was wrongly informed about the "statutory law surrounding the case" as it affected the relevance of his proposed witness testimony. Petitioner's actual knowledge of the elements of his offense is demonstrated by his Judicial Confession and Stipulation (D.E. 23, Ex. 3, p. 21). Petitioner's third objection is OVERRULED.

In his fourth objection and in his motion for evidentiary hearing (D.E. 46), Petitioner requests an evidentiary hearing to further demonstrate his arguments. Because the decision in this case does not turn on the evidence Petitioner seeks to admit but rather is based on the legal consequences of his open guilty plea and the record of proceedings in state court, an evidentiary hearing is not appropriate and will not change the result. Petitioner's fourth objection is OVERRULED.

Petitioner's fifth objection is a request for reconsideration of the decision to deny a certificate of appealability. The fifth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary

Judgment (D.E. 19) is **GRANTED** and this action is **DISMISSED**. Petitioner's motion for evidentiary hearing (D.E. 46) is **DENIED**.

ORDERED this 18th day of January, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE